UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-21510-Civ–COOKE/TORRES

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

THE UNKNOWN EXECUTOR OF EXECUTRIX
OF THE ESTATE OF JUNE DIXON APPLING,
*et al.*,

 Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER OF FORECLOSURE

 THIS MATTER is before me upon Plaintiff the United States of America's Motion for Summary Judgment and Order of Foreclosure (ECF No. 34). The Court has carefully reviewed said motion, the entire court file, and is otherwise fully advised of the premises. After due consideration, Plaintiff's Motion for Summary Judgment and Order of Foreclosure are both hereby **GRANTED**.

## I. FACTUAL BACKGROUND

 Decedent secured payment of a promissory note from the United States Small Business Administration ("SBA") by executing and delivering to the SBA a real estate mortgage in January 2001 (ECF No. 1-2). An amended real estate mortgage was executed and delivered in June 2001 after the promissory note was modified (ECF Nos. 3, 4). Both mortgages were properly recorded in the Official Records Book of the Public Records of Miami-Dade County, Florida. Plaintiff's amended mortgage attached to the premises described on Page 2232 of Official Records Book 19729 of the Public Records of Miami-Dade County (ECF No. 1-4):

> The East 140 feet of Lot 1, Block 1 of "OPA LOCKA INDUSTRIAL PARK" according to the Plat thereof, recorded in Plat Book 77 at Page 73 of the Public Records of Miami-Dade County, Florida, being more particularly described as follows:

1

COMMENCE at the Northwest corner of said Lot 1;

THENCE run East, along the North line of said Lot 1, for a distance of 71.62 feet to the Point of Beginning of the following described parcel:

THENCE continue East, along the North line of Lot 1 for a distance of 115.14 feet to a point of curvature of a circular curve to the right;

THENCE run Southeasterly along said curve to the right, whose elements are a radius of 25 feet, a central angle of 89º 40' 15", for an arc distance of 39.13 feet to a point of tangency of said curve;

THENCE run South 0º 19' 45" East along the East line of said Lot 1, for a distance of 150.00 feet to a point of curvature of a circular curve to the right;

THENCE run Southwesterly, along said curve to the right, whose elements are a radius of 25 feet, a central angle of 90º 19' 45"; for an arc distance of 30.41 feet to a point of tangency with the South line of said Lot 1;

THENCE run West, along the South line of said Lot 1, for a distance of 114.86 feet to a point lying 72.80 feet East of the Southwest corner of said Lot 1;

THENCE run North 0º 19' 45" West parallel to the East line of said Lot 1, for a distance of 200.00 feet to the point of beginning.

This property is known commonly as 15060 Northwest 22nd Avenue, Opa Locka, Florida 33054. The remaining Defendants' interests arose and were officially recorded several years

later after decedent and subsequent Defendants mortgaged, foreclosed, and transferred title on the real property as described in Complaint (ECF No. 1). Plaintiff brought suit in this Court seeking a declaration that it's lien was superior to Defendants and, if so, that the Plaintiff be paid the outstanding amounts under its promissory note and mortgage. If the sum was not paid, Plaintiff requested, then this Court should direct the foreclosure sale of the Opa Locka property.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. DISCUSSION

In general, Florida law prioritizes lien interests under the "first in time is first in right" principle. *Stonebridge Gardens Section Two v. Campbell*, No. 13-61280-CIV, 2014 WL 229191, at *2 (S.D. Fla. Jan. 21, 2014).  Statutory state law indicates that liens such as mortgages are "officially accepted" once they are recorded in a county's official records, that recordation provides "notice to all persons" of the lien, and that liens are prioritized in the page number order of their recordation in a county's official record books.  Fla. Stat. Ann. § 695.11.

Here, Plaintiff's lien stemming from the June 2001 amended real estate mortgage is plainly superior to remaining Defendants' interests and potential claims.  Several Defendants have already admitted that their interests are inferior to those of Plaintiff—the County of Miami-Dade, American Investment Services, American Investment Services LLP, and American Investment Services Real Estate LLC (ECF Nos. 16, 17).  Two other Defendants contest the notion that their interests are inferior, but the official records contravene their assertions.  As the Official Records Book of the Public Records of Miami-Dade County page numbering shows, Defendants City of Miami and City of Opa Locka interests were not recorded and realized before Plaintiff's interests (ECF Nos. 34-2, 34-3, 34-4).  Thus, there is no genuine issue as to the material fact that Plaintiff's interests were recorded and are superior to all Defendants.  Plaintiff's requested actions for the property may proceed as outlined below.

It is hereby **ORDERED** and **ADJUDGED** that:

1. I **RATIFY and CONFIRM** my previously granted Default Judgment in favor of Plaintiff against a subset of Defendants (ECF No. 33). There, I ordered that Plaintiff recover from the June Dixon Appling Estate the sum of $46,770.24 plus interest in the amount of $662.84 that accrued at a rate of $4.54 a day from October 14, 2014 to March 9, 2015, and that further interest shall accrue at the Florida legal rate of 6% per year thereafter. I also found that the interests of Defendants the Minos Appling Estate, 25th Avenue Warehouse LLC, John Fardel, Krisana Fardel, and Capitol One Bank (USA), N.A., in the premises were junior and inferior to the interest of Plaintiff in the premises (ECF No. 33).

2. The interests of remaining Defendants American Investment Services, American Investment Services LLP, American Investment Services Real Estate LLC; Miami-Dade County; City of Miami; and City of Opa Locka in the premises are junior and inferior to the interest of Plaintiff in the premises.

3. Plaintiff holds a valid lien for the total sum set forth above, superior to any claim or estate of Defendants, attached to the premises, described on Page 2232 of Official Records Book 19729 of the Public Records of Miami-Dade County, as described above.

4. If the total sum with interest at the rate described above is not paid forthwith to Plaintiff <u>within thirty (30) days of this Order</u>, pursuant to 28 U.S.C. §§ 2001 and 2002, the property will be sold to the highest and best bidder for cash, at public outcry, at the time, date and place in Miami-Dade County, Florida, as designated by the United States Marshal for this District, or his duly authorized deputy, free and clear of any right, title, and interest of Defendants herein or any and all persons, firms and corporations claiming by, through, under or against said Defendants, at a sale to be held by the United States Marshal for this District, or his duly authorized deputy, who is to report his acts and doings in that behalf to this Court.

5. The United States Marshal, or his duly authorized deputy, is directed to publish a notice of sale, describing the property to be sold, once a week for four (4) consecutive weeks immediately prior to sale, in a newspaper of general circulation in Miami-Dade County, Florida. The sale shall be to the highest and best bidder for cash, subject to the right reserved to Plaintiff to bid on the property and to apply its bid to the indebtedness due it as hereinabove set forth.

6. The United States Marshal is hereby authorized to enter a protective bid at said sale on behalf of Plaintiff.

7. Upon receipt of the purchase price bid at such sale, the United States Marshal, or his authorized deputy, shall make a report of the sale to this Court for confirmation. Upon such confirmation, the Marshal is directed to make and execute a good and sufficient Marshal's Deed conveying the property to the purchaser or purchasers thereof.

8. From the proceeds arising from the sale of this property, the Marshal shall retain his fees and costs incurred in connection with said sale and shall pay over the remainder of the proceeds as follows:

    a. Payment shall be made to Plaintiff in full satisfaction of the amount owed to Plaintiff, as stated above, and to the extent said amount is not satisfied in full after the distribution of the proceeds from the sale of the property, a deficiency judgment shall arise in favor of Plaintiff for the remaining amount;

    b. Any and all remaining proceeds shall be held in escrow by the Clerk of the Court for distribution upon application to the Court.

9. Upon confirmation of the sale, Defendants and all persons claiming by, through, under or against said Defendants, shall stand forever barred and foreclosed of all right, title and interest of whatever kind or character, in and to the property, and the purchaser shall be entitled to immediate possession of the property.

10. This Court retains jurisdiction over the above-styled cause to make further Orders as are proper, including but not limited to an Order confirming sale;

11. All pending motions not otherwise disposed of herein are hereby **DENIED as moot**.

12. The Clerk of the Court for the Southern District of Florida is hereby directed to mark the above-styled cause as **ADMINISTRATIVELY CLOSED** for statistical purposes.

    **DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*